**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marlon McNEALY, Defendant–Appellant.**

No. 09–12930
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Sept. 28, 2009.

---

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Marlon McNealy appeals the district court's denial of his motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 505 and 706 to the Sentencing Guidelines. McNealy was originally sentenced pursuant to a statutory mandatory minimum of life imprisonment. McNealy appealed his convictions and sentences and this Court affirmed. *United States v. Brazel*, 102 F.3d 1120, 1164 (11th Cir.1997).

McNealy asserts the district court erred by denying his § 3582(c)(2) motion because the mandatory minimum, pursuant to 21 U.S.C. § 851, was inapplicable. He contends that, because his prior offenses were juvenile offenses, § 851 should not have applied to give him a mandatory life sentence. Citing *Harris v. United States*, 149 F.3d 1304, 1305 (11th Cir.1998), McNealy asserts the applicability of a § 851 notice is jurisdictional and can be raised at anytime, including a § 3582(c)(2) proceeding.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and its conclusions regarding the scope of its legal authority *de novo*. *United States v.*
*Williams*, 549 F.3d 1337, 1338–39 (11th Cir.2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a Guidelines range that has been lowered subsequently by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Because a sentencing adjustment pursuant to § 3582(c)(2) does not constitute a *de novo* resentencing, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir.2000). Indeed, § 3582(c)(2) does not give the district court "jurisdiction to consider extraneous resentencing issues." *Id.* at 782. In *Harris*, we held that a defendant could raise a jurisdictional challenge to the application of § 851 in a 28 U.S.C. § 2255 motion to vacate even though he failed to object at trial or on direct appeal. 149 F.3d at 1307–09.

Because McNealy's sentence was based upon the applicable statutory mandatory minimum of life imprisonment rather than his original Guidelines range, he was ineligible for a § 3582(c)(2) reduction based upon Amendment 706 or Amendment 505. *See Williams*, 549 F.3d at 1342 ("[A] defendant whose original sentencing range was based on something other than § 2D1.1[, such as the application of a statutory mandatory minimum term of imprisonment,] is precluded from receiving a sentence reduction, since the amendment[s] would not lower his applicable guidelines range."). McNealy is attempting to challenge an extraneous sentencing issue, namely, the application of § 851, which led to his mandatory life sentence. However, the correct avenue for challenging original sentencing determinations is either on direct appeal or in a § 2255

motion to vacate. McNealy's reliance on *Harris* is inapposite because *Harris* involved a § 2255 motion to vacate which allows for jurisdictional challenges, whereas § 3582(c)(2) is limited to determining whether a defendant was sentenced based on a Guidelines range that has been amended since his original sentencing. *See Harris,* 149 F.3d at 1307–09. Accordingly, we affirm the district court's denial of McNealy's § 3582(c)(2) motion.

**AFFIRMED.**